UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-21328-CIV-HUCK/SIMONTON

OLGA BERENCEN,

    Plaintiff,

v.

CHARTER OAK FIRE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY

This cause came before the Court on Defendant's Motion to Compel Discovery (DE # 51), Plaintiff's Response in Opposition (DE # 57) and Defendant's Reply (DE # 59) thereto, as well as Plaintiff's Response to Defendant's Argument Concerning § 766.203(4), Fla. Stat. (DE #62), which this Court permitted Plaintiff to file in order to respond to an argument raised for the first time in Defendant's Reply.  This Order addresses those aspects of the Motion to Compel which were previously taken under advisement.  The Honorable Paul C. Huck, United States District Judge has referred this case to the undersigned Magistrate Judge to rule on all discovery motions (DE # 3).  The undersigned Magistrate Judge has reviewed the record, conducted an *in camera* inspection of pertinent documents, presided over a hearing on this matter, and is otherwise fully advised in the premises.  For the reasons stated below, the motion is granted to the extent that Plaintiff is ordered to provide by facsimile, forthwith, the presuit Affidavit of Dr. Lee Fisher, and the motion is otherwise denied.

This case arises from a slip-and-fall accident, in which Plaintiff sustained injuries after falling in the medical office of Dr. Rafael Fleites.  When Dr. Fleites' insurer, Charter

Oak Fire Insurance Company ("Charter Oak"), failed to defend or indemnify Dr. Fleites' against Plaintiff's claims, Plaintiff and Dr. Fleites entered into an agreement in which Plaintiff agreed not to execute her consent judgment against Dr. Fleites and, in return, Dr. Fleites' agreed to assign his breach of insurance contract claim against Charter Oak to Plaintiff.[1]  See Notice of Removal (DE #1), and exhibits thereto.

### REQUEST #9
### Presuit Investigation Affidavit

In order to file her underlying claim against Dr. Fleites, Plaintiff was statutorily required to conduct an investigation to ascertain whether her lawsuit rested on reasonable grounds and to provide an expert medical affidavit corroborating her findings.  See § 766.203(3), Fla. Stat.  To comply with this requirement, Plaintiff obtained an Affidavit from Dr. Lee Fischer.  Defendant seeks production of this Affidavit in the presently pending motion.  Plaintiff has resisted Defendant's efforts to discover the affidavit, despite language in that statute expressly providing that "the medical expert opinions required by this section are subject to discovery." § 766.203(4), Fla. Stat. (2003).

Where a statute is clear and unambiguous, this Court will give effect to its plain meaning.  See Birnholz v. 44 Wall Street Fund, Inc., 880 F.2d 335, 341 (11th Cir. 1989) ("[T]he cardinal rule of statutory construction is that when the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning. . . .  As a result inquiry into legislative intent may begin only where the statute is ambiguous on its face.") (quoting Streeter v. Sullivan,

---

[1]   Such agreements are commonly referred to as "Coblentz Agreements," after Coblentz v. Am. Surety Co. of New York, 416 F.2d 1059, 1063 (5th Cir. 1969).

509 So. 2d 268, 271 (Fla. 1987)) (internal quotation marks omitted); *Gonzalez v. State*, 941 So. 2d 1226, 1229 (Fla. 5th DCA 2006) ("'When the language of the statute is clear and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to the rules of statutory and interpretation; the statute must be given its plain and obvious meaning.'") (quoting *A.R. Douglass, Inc. v. McRainey*, 137 So. 157, 159 (Fla. 1931)).  While, as Plaintiff suggests, the Florida Legislature might have reasonably desired to permit presuit medical expert affidavits to be discoverable only in the actions in which they were obtained, but not in other cases, it is beyond the authority of this Court to supplement the plain language of the statute with language to that effect.  *See B.C. v. Fla. Dept. of Children and Families*, 887 So. 2d 1046, 1052 (Fla. 2004) ("Nor are we permitted to add to a statute words that were not placed there by the Legislature.") (citing *Seagrave v. State*, 802 So. 2d 281, 287 (Fla. 2001)).

Adopting Plaintiff's counterarguments would require this Court to violate well-established doctrines of statutory construction.  Section 766.203, which permits the discovery of the presuit affidavit, controls because it is both more specific and more recent[2] than the provisions of the Florida Code that Plaintiff points to as support for its position that the affidavit is not discoverable (DE # 62) (citing §§ 766.106(5) & 766.205(4), Fla. Stat.).  *See Tug Allie-B, Inc. v. United States*, 273 F.3d 936, 948 (11th Cir. 2001) ("[W]e rely on the long-standing principle that, if two statutes conflict, the more recent or more specific statute controls."); *McKendry v. State*, 641 So. 2d 45, 46 (Fla. 1994) ("[A] specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms."); *J.A. v. State*, 633 So. 2d 108, 110 (Fla.

---

[2]   *See* § 766.203, Fla. Stat. Ann., Historical and Statutory Notes (recording 2003 amendments adding § 766.203(4)).

2d DCA 1994) (holding as between two inconsistent statutes, the latter "would prevail because it is the more recent.").

Moreover, reading the statutes in the way Plaintiff suggests would render section 766.203 superfluous, and Plaintiff has not offered any reasoned justification for doing so. *See Thomas*, 371 F.3d at 786 (recognizing "the canon of statutory construction against reading any provision (even a word) of a statute so as to make it superfluous.") (citing *Medberry v. Crosby*, 351 F.2d 1049, 1058 (11th Cir. 2003), *cert. denied*, 124 S. Ct. 2098 (2004)); *Johnson v. Feder*, 485 So. 2d 409, 411 (Fla. 1986) ("Statutory interpretations that render statutory provisions superfluous 'are, and should be, disfavored.'"). All three statutes can be read harmoniously, without having to ignore the plain meaning of section 766.203(4). *See J.E.M. Ag Supply v. Pioneer Hi-Bred Int'l*, 534 U.S. 124, 143-44 (2001) ("[W]hen two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.") (quoting *Morton v. Mancari*, 417 U.S. 535, 551 (1974)) (internal quotation marks omitted). Indeed, it requires no great stretch of the imagination to conclude that the Legislature could have intended – and seemingly did intend – to specifically permit, under section 766.203, the discovery of presuit investigatory affidavits like the one at issue here, while shielding from discovery all "other work product" produced in connection with a presuit investigation pursuant to sections 766.106 and 766.205. *Cf. Cohen v. Dauphinee*, 739 So. 2d 68, 75 (Fla. 1999) (Anstead, J., dissenting) ("[T]he work product protection in section 766.106 [does] not apply to the corroborating opinion requirement in section 766.203.") (quoting *Citron v. Shell*, 689 So. 2d 1288, 1290 (Fla. 4th

DCA 1997)) (internal emphasis and quotation marks omitted).[3]  In other words, in any given case, there is a plethora of materials that would constitute "<u>other</u> work product," meaning that §§ 766.106 and 766.205 will not be rendered inoperative by this Court's interpretation of § 766.203, which gives effect to the Legislative command to subject one particular species of work-product – the presuit medical affidavit – to discovery.

## REQUEST # 11

### <u>Plaintiff's Counsel's Email Correspondence</u>

Subsequent to entering the Coblentz Agreement, Plaintiff's counsel communicated with Dr. Fleites' counsel, Scott Jay Feder, Esq., for the purpose of facilitating Plaintiff's lawsuit against Charter Oak.[4]  Shortly after the August 22, 2007 hearing, in which Plaintiff's counsel insisted that the dates and frequency with which he communicated with Mr. Feder constituted work-product that rendered the privilege log <u>itself</u> outside the scope of discovery, the undersigned Magistrate Judge issued an order unsealing the privilege log and requiring Plaintiff's counsel to submit copies of certain documents under seal for *in camera* review in order to scrutinize the validity of Plaintiff's counsel's claims of privilege.[5]

---

[3]  In light of the foregoing, it is not necessary for the undersigned Magistrate Judge to reach the question of whether Plaintiff's counsel waived his right to assert the work-product privilege as to the presuit affidavit by listing it on the pretrial Rule 26 disclosure list, notwithstanding Plaintiff's counsel's averment at the August 22, 2007 hearing , that its inclusion was the product of inadvertence.

[4]  Notably, Mr. Feder filed an affidavit in support of Plaintiff's Motion for Summary Judgment (DE # 38).

[5]  This Court ruled in a prior Order that all correspondence relating to the drafting and revision of Mr. Feder's affidavit constituted attorney work-product and are, therefore, not discoverable (DE # 60).

The tenacity with which Plaintiff's counsel has fought to protect the four emails at issue here is, frankly, baffling to this Court.  The emails that Plaintiff seeks to shield from discovery offer little more in the way of substance than the text Plaintiff employed to describe each document in her now-unsealed privilege log.  In fact, the emails are so banal that had Plaintiffs argued that they were not discoverable because they are irrelevant, this Court would be inclined to deny Defendant's motion to compel on those grounds, since it is not immediately apparent that they are "reasonably calculated" to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Plaintiff has not so argued, and thus, this Court will proceed to examine whether the emails are subject to protection as work-product.

Clearly, these emails do not constitute "opinion work-product," as they do not reflect any of the thoughts or impressions of Plaintiff's counsel.  *See United Kingdom v. United States*, 238 F.3d 1312, 1322 (11th Cir. 2001).[6]  Defendant is, however, entitled to discover facts contained within otherwise privileged work-product upon a showing that the material requested is both relevant and that Defendant has a substantial need for it.  *Id*. (citing *Hickman v. Taylor*, 329 U.S. 495, 512-13 (1947)).

Though it bears repeating that the relevance of the emails is dubious at best, the bar to establishing relevance is exceedingly low and Defendant has surpassed it by a slim margin.  *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) ("The Federal Rules of Civil Procedure strongly favor full discovery whenever possible.").  While the underlying facts that comprise the substance of the subject emails are not absolutely privileged as opinion work-product, they may be discoverable

---

[6] Opinion work-product "enjoys almost absolute immunity" from discovery. *Williamson v. Moore*, 221 F.3d 1177, 1182 (11th Cir. 2000).

as "fact work-product." However, prudence dictates denying Defendant's Motion to Compel at this juncture because Defendant has not satisfied this Court that it is necessary to invade counsel's work-product in order to unearth the information it seeks, either by demonstrating a substantial need for the information or explaining how looking elsewhere for the information would constitute an undue hardship.  See Fed. R. Civ. P. 26(b)(3) ("[A] party may obtain discovery of . . . things . . . prepared in anticipation of litigation . . . only upon a showing that the party seeking discovery has substantial need of the materials . . . and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."); Castle v. Sangamo Weston, Inc., 744 F.2d 1464, 1467 (11th Cir. 1984) (citing Perry v. State Farm Fire & Casualty Co., 734 F.2d 1441, 1447 (11th Cir. 1984) for the proposition that denying motion to compel is appropriate where there was "no real need shown requiring disclosure because litigant could have obtained information by using normal discovery procedures").  This Order is subject to reconsideration should circumstances arise in which Defendant is able to demonstrate that examining Plaintiff's counsel's emails relating to efforts to schedule depositions or serve witness subpoenas is relevant, substantially necessary to an aspect of its case and cannot be obtained by other means – such as by taking the depositions of Dr. Fleites, and Mr. Feder, for instance.

      For the reasons stated herein, it is hereby

      **ORDERED AND ADJUDGED** that:

      1.    The Motion to Compel the production of Dr. Lee Fischer's presuit affidavit is **GRANTED**; and the Affidavit shall be provided by facsimile, forthwith, to Defendant.

      2.    The Motion to Compel the production of Plaintiff's counsel's email

correspondence, identified in paragraphs 3(a), (d), (f) and (g) of Plaintiff's Privilege Log, is **DENIED**.

**DONE AND ORDERED** at chambers in Miami, Florida, this 24th day of August, 2007.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**United States District Judge Paul C. Huck**
**All Counsel of Record**